## STATE v. BEN POSEY.

(Filed 15 June, 1932.)

**Homicide G d—Evidence held competent on question of premeditation and deliberation.**

> In a prosecution for murder evidence that the defendant, his father, and another, all armed, went to the house of the deceased, and that the father told the deceased's wife that they were and had been hunting "them men" is held competent on the issue of premeditation and deliberation, the defendant being present and acquiescing therein, and there being other evidence that a feud existed between the families of the deceased and the defendant and that other threats had been made, and further, upon a verdict of the jury of guilty of second degree murder the admission of the evidence, if error, would not be prejudicial.

APPEAL by defendant from *Harding, J.,* at October-November Term, 1931, of SWAIN.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Jud Pilkey.

Verdict: Guilty of murder in the second degree.

STATE *v.* POSEY.

Judgment: Imprisonment in the State's prison at hard labor for a term of 20 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Alley & Alley and Edwards & Leatherwood for defendant.*

STACY, C. J. The evidence on behalf of the State tends to show that around noon, 11 July, 1931, the defendant, Ben Posey, ambushed himself near the Pilkey Creek road in Swain County and shot and killed Jud Pilkey as the latter came along with his brother on a wagon. They had been hauling logs from the woods to the railroad station and were returning home in the heat of the day when they stopped at the hill to let the horses cool. "I sat down on the bank by the side of the road," Andy Pilkey testifying, "and my brother was still on the wagon. We heard something Pop, pop, right over us, and my brother looked up and said: 'Lord have mercy, there he is,' and I looked up and saw Ben Posey with his gun presented on my brother." The deceased fired his shot gun in the direction of the defendant and ran down the road. The defendant returned the fire with a rifle shot which hit the deceased on the left side of his head, pretty close to the forehead, and killed him.

The defendant says that when he saw the deceased and his brother resting in the road, he went around up on the bank in order to keep from meeting or coming in contact with them, and there stepped on a bush which broke with a loud noise and attracted the attention of the deceased and his brother, and that he only returned the fire in self-defense.

A feud had existed between the Pilkeys and the Poseys and members of both families had armed themselves in anticipation of an open engagement at any time.

In fact, about eleven days prior to the homicide the defendant, his father, and another, all armed, went to the home of the deceased and called for him. He was away at the time. Mrs. Pilkey asked them not to come into the house; whereupon the father, in the presence of the defendant, said: "We are hunting for them men and their weapons. We have been hunting for them all day and we mean to have them." (Objection; exception.)

The defendant's principal exception is to the admission of this evidence. The exception is without merit. The father of the defendant was not speaking for himself alone. The others were present acquiescing and "consenting unto the wrong." Only two days before the defendant had

met Mrs. Pilkey in the road and asked her where her husband was. On receiving no reply, he remarked: "I am going to kill the s—o—b when I see him." Furthermore, this evidence was offered on the question of premeditation and deliberation, to show threats, and as the defendant was acquitted of the capital offense, its admission, if erroneous, in no event could be held for reversible error.

The jury was fully justified in returning a verdict of murder in the second degree.

No error.